THOMPSON, Presiding Judge,
concurring in the result only.
In defense of the ejectment action initiated by the Federal National Mortgage Association (“Fannie Mae”), Diane Gray argued that the foreclosure deed pursuant to which Fannie Mae claimed to own the property was invalid because there was no authority to conduct the foreclosure sale upon which that deed is based. Among other things, Gray contends that, in support of its summary-judgment motion in its ejectment action, Fannie Mae failed to present prima facie evidence that either the mortgage or the note had been transferred to EverHome Mortgage Company before EverHome conducted the foreclosure sale.[1]
The record indicates that on May 10, 2007, Mortgage Electronic Registration Systems, Inc. (“MERS”), in its capacity as nominee for Irwin Mortgage Company, the original mortgagee, purported to assign to EverHome the mortgage executed by Gray in favor of Irwin Mortgage Company. However, the power to sell or foreclose is available only to a person or entity entitled to payment of the money secured by the mortgage or note. § 35-10-7, Ala.Code 1975. In Harris v. Deutsche Bank National Trust Co., 141 So.3d 482 (Ala.2013), our supreme court held that when an agent, or nominee, of a lender is not entitled under § 35-10-7 to receive the money secured by a mortgage, the agent may not purport to transfer the right to receive that money on behalf of the lender. In other words, under the facts of this case, if MERS was not entitled to receive the money secured by the mortgage from Gray, it could not validly assign to Ever-Home the right to receive that money. The language specifying the rights afforded MERS under Gray’s mortgage is identical to the language setting forth the rights MERS had under the mortgage at issue in Harris. In Harris, the parties agreed that the language detailing MERS’s rights under the mortgage did not entitle MERS under § 35-10-7 to the money secured by the mortgage at issue, and our supreme court accepted that agreement for the purposes of resolving the appeal. 141 So.3d at 491. In this case, there is no such agreement. However, Fannie Mae has not argued that at the time MERS executed its purported assignment of Gray’s mortgage to EverHome, MERS had a right to receive the money secured by the mortgage. In the absence of such arguments or evidence, I believe the holding in Harris controls this issue in this case. EverHome *833 could foreclose and transfer the property via a foreclosure deed to Fannie Mae only if, at the time it foreclosed, EverHome had the right to receive the money secured by the mortgage. Harris, 141 So.3d at 491. Under our supreme court’s recent holding in Harris, MERS could not properly assign the right to the payment of the money secured by Gray’s mortgage to EverHome. Accordingly, I must conclude that Fannie Mae failed to present a prima facie case that EverHome had acquired the right to foreclose on Gray’s mortgage by virtue of a purported assignment of that mortgage from MERS to EverHome.[2]
However, the inquiry does not necessarily end when it is determined that a valid or timely assignment of a mortgage did not occur. This court has recognized that a mortgage need not be assigned in order to enable an owner of the debt secured by that mortgage to foreclose under a power of sale. Perry v. Federal Nat’l Mortg. Ass’n, 100 So.3d 1090, 1095 (Ala.Civ.App.2012). A promissory note secured by a mortgage that is indorsed in blank may be transferred merely by possession. Id. This court has explained:
“The promissory note evidencing that debt was a bearer instrument that could be transferred in two ways: by delivery of possession or by written assignment. See Ala.Code 1975, § 8-5-24 (‘The transfer of a ... note given for the purchase money of lands, whether the transfer be by delivery merely or in writing, expressed to be with or without recourse on the transferor, passes to the transferee the lien of the vendor of the lands.’); Kevin M. Hudspeth, Clarifying Murky MERS: Does Mortgage Electronic Registration Systems, Inc., Have Authority to Assign the Mortgage Note in a Standard Illinois Foreclosure Action?, 31 N. Ill. U.L.Rev. 1, 14 (2010) (stating that ‘a plaintiff in a mortgage foreclosure action obtains the right to enforce the note in one of two primary ways: (1) through proper assignment ..., or (2) through negotiation under the U[niform] C[ommercial] C[ode]’).
‘“Ownership of a contractual obligation can generally be transferred by a document of assignment; see Restatement, Second, Contracts § 316 [ (1981) ]. However, if the obligation is embodied in a negotiable instrument, a transfer of the right to enforce must be made by delivery of the instrument; see [former] U.C.C. § 3-202 (1995).’
“Restatement (Third) of Property: Mortgages § 5.4, cmt. b. at 381.”
Coleman v. BAC Servicing, 104 So.3d 195, 203-04 (Ala.Civ.App.2012).
As the main opinion indicates, the record on appeal contains a blank indorsement to EverHome of the note executed by Gray and secured by the mortgage.[3] My review of the evidence in the record indicates that Fannie Mae failed to present evidence as to whether EverHome was in possession of the note that was indorsed in *834 blank. Murdock’s affidavit speaks only in terms of certain actions being taken by some unspecified entity — perhaps Ever-Home, although this court may not so speculate — in seeking to accelerate Gray’s debt and foreclose based on the purported assignment of the mortgage from MERS to EverHome. EverHome might have been in possession of the promissory note at the time it foreclosed; however, Fannie Mae failed to make a prima facie showing in support of its summary-judgment motion that EverHome was in possession of the note.
Fannie Mae attempted to base its prima facie case in support of ejectment on its claim that it had a valid foreclosure deed. However, Fannie Mae failed to present prima facie evidence demonstrating that EverHome had the authority to foreclose and to issue the foreclosure deed. Accordingly, I conclude that Gray has demonstrated on appeal that the tidal court erred in entering a summary judgment in favor of Fannie Mae.
THOMAS, J., concurs.

. In considering this issue, I do not address the argument raised by Gray that some portions of Fannie Mae's evidence was not admissible under Rule 56, Ala. R. Civ. P.

. In support of its summary-judgment motion, Fannie Mae submitted the affidavit of Robin Murdock, the "Vice President for Ever-bank sbm Everhome.” In his affidavit, Mur-dock stated that, "[o]n May 10, 2007, Irwin Mortgage Corporation executed an Assignment of Mortgage to EverHome Mortgage Company (aka EverBank). A copy of the Assignment of Mortgage is attached as 'Exhibit C.’ " The exhibit to which Murdock referred in his affidavit was the May 10, 2007, purported assignment from MERS, as nominee for Irwin Mortgage Company, to EverHome. Fannie Mae submitted no other evidence tending to indicate that Irwin Mortgage Company had executed an assignment of Gray's mortgage to EverHome.

. A "blank indorsement” is “an indorsement that names no specific payee, thus making the instrument payable to the bearer and negotiable by delivery only.” Black's Law Dictionary 844 (9th ed. 2009).